IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
)
v. ) 1:15CR24-1
)
)
KEVIN JAMAL CHAWLK )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On November 12, 2015, the Government filed a motion to revoke conditions of release for Defendant, and for the issuance of an arrest warrant. (Docket Entry 24.) The Honorable N. Carlton Tilley, Jr. thereafter entered an Order revoking the bond of Defendant and for an arrest warrant to be issued for Defendant. (Docket Entries 25, 26.) On January 7, 2016, Defendant, through counsel, moved this Court for a Hearing on Alleged Violations of Defendant's Conditions of Pre-Trial Release pursuant to 18 U.S.C. § 3148. (Docket Entry 32.) A hearing was held before the undersigned on January 13, 2016. (Minute Entry dated 1/13/2016.) For the reasons stated herein, the undersigned recommends that Defendant remain detained pending further proceedings in this matter.

At the hearing, the Government proffered the contents of Probation Officer Danielle A. Cooke's Memorandum dated November 10, 2015 (Docket Entry 24-2). Officer Cooke also testified during the hearing as to the violations. The Memorandum set forth numerous "Apparent Violation(s)" of one of the Conditions of Release. (*Id.*) Defendant was under a location restriction program ("Home Detention") whereby Defendant was restricted to his residence at all times except for employment; education; religious services; medical, substance

1

abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services officer or supervising officer. (Docket Entry 14.) Officer Cooke approved Defendant's attendance at the Rowan Cabarrus Community College for the purpose of completing a GED program. Defendant's class schedule was Monday through Thursdays from 1 p.m. to 5 p.m. Officer Cooke also approved Defendant's temporary employment through Resource Employment with a placement at Pactiv located in Mooresville, North Carolina. Defendant worked on a rotating schedule with mandatory overtime days. He obtained his work schedule and presented a copy to Officer Cooke.

During the course of supervising Defendant, Officer Cooke compiled data of Defendant's work and school schedule, and compared it with the "BI Incorporated" location monitoring device, along with conversations she had with staff at Rowan Cabarrus Community College and Defendant's supervisor from his place of employment. As noted in the Memorandum and by testimony of Officer Cooke, on numerous occasions there were several leave violations, whereby Defendant failed to adhere by his work and school schedules. During the hearing, Defendant offered testimony providing explanations for some of the approximately fourteen occasions when his absence from his residence were inconsistent with his work or school schedule. On the majority of these dates, Officer Cooke reported that Defendant's whereabouts were unknown. On at least one occasion Defendant testified that he was outside talking with neighbors during the period of time Officer Cooke reported that she could not reach him. However, Defendant did not offer explanations why the monitoring device reported that he left the residence on numerous occasions during the day or all of the

occasions he was reported not being at work or at school when he was scheduled to be present. For example, he was approved to be in his GED class on October 15, 2015. He left his residence at 12:34 p.m.; however, he did not attend his GED class on this date and his whereabouts were unknown. (Docket Entry 24-2 at 2.) Also, on October 16, 2015, Defendant was approved to attend work at Pactiv. (*Id.*) According to the monitoring device he left his residence at 6:24 a.m. to 7:09 a.m., then again from 9:16 a.m. to 2:09 p.m., then again from 3:30 p.m. to 5:38 p.m., and then again from 5:39 pm to 6:51 p.m. (*Id.*) Defendant did not report to work that day and his whereabouts was unknown. (*Id.*)

The Court found Officer Cooke's testimony to be credible, and her reliance upon information from school officials and defendant's supervisor to be a reasonable method of determining whether Defendant was where he was supposed to be on a particular day and time. The Court has considered the fact that the while Officer Cooke's testimony of what the school or work officials stated to her was hearsay and normally entitled to less credibility, this testimony is admissible in the pending hearing. These officials' statements to Officer Cooke take on additional indicia of reliability when considered along with the unexplained absences of Defendant from his residence on several occasions.

Based upon the forgoing findings of fact, the undersigned concludes that there is clear and convincing evidence that Defendant has violated his release conditions pursuant to 18 U.S.C. § 3148(b)(1)(B). The Court's inquiry does not end with a finding that Defendant has violated the terms and conditions of his release. The Court must also consider whether there are conditions of release that the Court could impose that would assure the Defendant will not flee or pose a danger to the safety of any other person or the community, and that the

3

Defendant will likely abide by such conditions. 18 U.S.C. § 3148(b)(2). Because of the numerous violations set forth in Officer Cooke's Memorandum, most of which were not refuted by Defendant's testimony or other evidence, the Court is unable to conclude that Defendant will abide by a more restrictive condition or combination of conditions that that the Court could possibly impose, including "home incarceration," pursuant to 18 U.S.C. § 3148(b)(2).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant remain detained pending further proceedings in this matter.

This the 21st day of January, 2016.

_____
Joe L. Webster
United States Magistrate Judge